■ In the Matter of the Claim of ROGER BROWN, Respondent, v HILLCREST HEATING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, J. Appeal from a decision of the Workers' Compensation Board, filed January 22, 1991, which ruled that the employer's workers' compensation carrier was responsible for certain medical expenses incurred by claimant.

In October 1980, while in the course of his employment, claimant was involved in an automobile accident and sustained injuries to his lower back. He received workers' compensation benefits from the employer's workers' compensation carrier (hereinafter the carrier) for a brief period following which the case was closed. In 1986, he reinjured his back in a nonwork-related incident and was advised that he needed lumbar disc surgery. Contending that the 1986 injury was causally related to the 1980 accident, claimant applied to the Workers' Compensation Board to reopen his case and consider possible changes in condition and earnings and liability for payment of his medical bills. The Board granted the request.

Inasmuch as the carrier's physician as well as other physicians found a causal relationship between the 1986 injury and the 1980 accident, the carrier authorized surgery for claimant's back condition. The surgery was performed. Thereafter, a dispute arose between the carrier's no-fault and workers' compensation divisions,* regarding liability for claimant's medical bills. During pendency of this dispute claimant's private insurer, AVMA Group Health and Life Insurance Trust (hereinafter AVMA), filed a claim with the Board for reimbursement for claimant's medical bills. At a hearing on that issue, the carrier's representative expressly agreed to entry of an order directing the carrier to reimburse AVMA the requested amount. An order to this effect was duly issued by the Workers' Compensation Law Judge. Curiously, the carrier then applied for administrative review of the consent order contending that because the carrier was in the process of disputing its responsibility for payment, the order directing payment was improper. Following the Board's affirmance of the order, this appeal ensued.

We affirm. The gravamen of the carrier's argument on appeal is that the reimbursement order is premature because no hearing had been held on the causal relationship between the 1986 injury and the 1980 accident and the conclusion of causal relationship is not supported by the evidence. We disagree. The medical report of claimant's physician, a copy of which was before the Board, indicated that substantially all of claimant's current disability was due to the 1980 accident. In addition, it was clear from correspondence and reports also in the record and before the Board that the carrier's *own examining physician* was of the same opinion. This, combined with

---

* Apparently, claimant received no-fault benefits as a result of the accident.

the fact that the carrier *expressly* authorized the back surgery, an act which can be viewed, in the least, as a tacit admission of a relationship between the two injuries, and the carrier's express admission on the record of responsibility for payment of AVMA's submitted billings provide sufficient evidence to support the Board's conclusion. As regards the statements made on the record, a plain reading of the hearing transcript belies claimant's argument that they were made in the context of settlement negotiations and thus not admissions of liability.

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, with costs to the Workers' Compensation Board.